UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HEATHER DYMOND, individually and on behalf
of all others similarly situated,

                            Plaintiff,                         **MEMORANDUM AND ORDER**
- against -                                             19-CV-2559 (RRM) (AYS)

COMMONWEALTH FINANCIAL SYSTEM, INC.,

                            Defendant.
-----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Heather Dymond brings this action on behalf of herself and all others similarly situated against Commonwealth Financial System, Inc. ("Commonwealth"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, based on a debt-collection letter Commonwealth sent her. (Compl. (Doc. No. 1).) Before the Court is Commonwealth's motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss (Doc. No. 14).) For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

**I.    Relevant Facts**

      The following facts are drawn from Dymond's complaint and are assumed to be true for the purposes of this Order. According to the complaint, on May 3, 2018, Dymond received a letter from Commonwealth regarding an alleged past-due debt. (Compl. at 4.)[1] This letter was the first communication Dymond received regarding this debt. (*Id.*)

---

[1] Page numbers correspond to pagination assigned by the Court's Electronic Case Filing system.

At the top of the Letter, Commonwealth included a header that read in bold, capital letters: "SEND ALL CORRESPONDENCE TO," with Commonwealth's mailing address following below.  (Compl., Ex. 1 (the "Letter") (Doc. No. 1-1) at 1.)  Commonwealth's phone number was listed twice: (1) at the upper-right corner of the Letter, in bold, below Commonwealth's logo and above its hours of operation, and (2) near the bottom of the letter, below the signature of the Letter's author, Matthew Smith, with a direct extension at which to reach him.  (*Id.*)  The Letter also included what appeared to be two return addresses, one in the upper-left corner listing an unidentified post office Box in Charlotte, North Carolina, and the Dickson City, Pennsylvania, address for Commonwealth listed below the "SEND ALL CORRESPONDENCE TO" header.  (*Id.*)  In the middle of the letter was the following validation notice:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*)

II.   **Complaint and Motion to Dismiss**

Dymond filed this action on May 1, 2019.  (Compl.)  Dymond alleges that the "SEND ALL CORRESPONDENCE TO" header on the Letter overshadowed the above-quoted validation notice regarding her right to dispute the validity of the debt and misleadingly implied that she did not have the right to orally dispute the debt in violation of §§ 1692g and 1692e of the FDCPA.  (*Id.* at 4–6.)

Commonwealth filed the fully briefed motion to dismiss on October 1, 2019. (Mot. to Dismiss.) Commonwealth notes that its letter included a validation that complied with the requirements of § 1692g(a), included its phone number twice on the document, and only included the "SEND ALL CORRESPONDENCE TO" header far away from the validation notice in the Letter. (Memorandum in Support of Motion to Dismiss ("Mot.") (Doc. No. 14-1) at 6–9.) For these reasons, Commonwealth argues, the header neither overshadowed the validation notice nor was deceptive or misleading. (Mot. at 6–10.) Commonwealth urges this Court to follow the decision of another court in this district in *Goodman v. Mercantile Adjustment Bureau, LLC*, No. 18-CV-4488 (ARR) (SJB), 2019 WL 692934 (E.D.N.Y. Feb. 19, 2019), and hold that headers of this sort do not overshadow a proper validation notice like the one Commonwealth included in the Letter. (*Id.* at 7–8.)

In response, Dymond argues that the least sophisticated consumer could be misled by Commonwealth's letter. (Memorandum in Opposition to Motion to Dismiss ("Opp.") (Doc. No. 14-3) at 13–14.) Dymond argues that the header overshadows the validation notice, falsely implying that any dispute of the debt must be made in writing and rendering it susceptible to an inaccurate reading by the least sophisticated consumer. (Opp. at 13–19.) Dymond seeks to distinguish *Goodman*, arguing that in the letter here, Commonwealth's telephone number appears only once, "at the very bottom of the page, below the sender's name, and without reference to Defendant's business hours." (*Id.* at 17.)

In reply, Commonwealth notes, contrary to Dymond's argument in the opposition, that the letter at issue included Commonwealth's phone number at the top of the letter as well as at the bottom, and that the telephone number at the top of the letter was followed directly by

3

Commonwealth's business hours.  (Memorandum in Further Support of Motion to Dismiss ("Reply") (Doc. No. 14-4) at 3.)

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal sufficiency of a complaint.  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court considering a 12(b)(6) motion must "tak[e] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted).

## DISCUSSION

The FDCPA provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  According to § 1692g(a)(3), any communication regarding debt collection must contain a notice advising the consumer of his or her rights with respect to the debt.  Specifically,

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> . . .
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  The validation notice in Commonwealth's letter complied with the requirements of § 1692g.

But even when validation letter contains the required disclosures, the letter will still violate the FDCPA if the notice is overshadowed by other information which may confuse or mislead the consumer.  *See DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) ("Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.").  "A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights."  *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

Courts apply an objective standard to determine if a letter has violated the FDCPA.  *Russell*, 74 F.3d at 34.  Specifically, the Court considers how the "least sophisticated consumer" would interpret the notice.  *Russell*, 74 F.3d at 34.  This does not extend to "bizarre or idiosyncratic interpretations" of debt collection letters, as courts have held that "even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Quinteros v. MBI Assocs.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319–20 (2d Cir. 1993)).

5

In *Goodman v. Mercantile Adjustment Bureau, LLC*, the plaintiff alleged that debt-collection letter's bolded instruction to "Please send all correspondence to" the defendant debt collector's address overshadowed the validation notice in the letter and was misleading with respect to the plaintiff's rights to dispute the debt. No. 18-CV-4488 (ARR) (SJB), 2019 WL 692934 (E.D.N.Y. Feb. 19, 2019). The letter in *Goodman* included three references to defendant's phone number, one time alongside defendant's business hours, and the direction to "send all correspondence to" defendant was in upper-right portion of the letter. *Goodman*, 2019 WL 692934, at *1. Judge Ross examined the totality of the letter and found that it did not violate the FDCPA because, among other reasons, it listed the debt collector's phone number in "three separate locations" and "the language in defendant's letter regarding defendant's post office box address [was] in an entirely different section of the letter than the validation notice." *Goodman*, 2019 WL 692934, at *3, *6–7.

Like the letter in *Goodman*, the Letter here included Commonwealth's phone number in more than one place in the letter, and in one case, included Commonwealth's business hours alongside the phone number. (Letter at 1.) Also like the letter in *Goodman*, the header at issue here appeared in a section substantially separate from the validation notice. (*Id.*) Dymond argues that this case is distinguishable from *Goodman* because Commonwealth's letter contains a single reference to its telephone number. (Opp. at 17.) This is mistaken: the Letter lists Commonwealth's phone number twice. (Letter at 1.) Moreover, like the collection letter in *Goodman*, the Letter lists Commonwealth's phone number once at the top of the Letter as well as at the bottom of the Letter. (*Id.*) *See Goodman*, 2019 WL 692934, at *1. Indeed, the Letter in this case – unlike the letter in *Goodman* – lists the debt collector's hours of operation next to the bolded phone number at the very top of the letter, and also includes the direct extension of the

6

Letter's signatory at the bottom of the Letter, implicitly inviting the debtor to telephone regarding the debt. (Letter at 1.) *See Goodman*, 2019 WL 692934, at *1.

Dymond separately argues that the phone number on the Letter "is not printed with similar emphasis" to the header at issue. (Opp. at 18.) Yet, on the contrary, the phone number included at the top of the Letter is bolded, much like the header, and is directly below Commonwealth's logo. (Letter at 1.)

Dymond's claims are further undercut by the recent decision in *Nunez v. Mercantile Adjustment Bureau, LLC*, No. 19-CV-2962 (PKC) (ST), 2020 WL 2475619 (E.D.N.Y. May 13, 2020). Examining a letter that directed the plaintiff to "Please send all correspondence to" the defendant, a court in this district found that this direction did not overshadow the collection letter's validation notice or otherwise violate the FDCPA. *Nunez*, 2020 WL 2475619, at *1. The Court explained that because the letter's direction regarding correspondence was at the top of the letter along with defendant's phone number, while the validation notice was separately located in the middle of the letter, plaintiff's objections to the letter under the FDCPA were "implausible." *Id.* at *6.

Here, too, the Court finds Dymond's claim that this Letter's header would overshadow the validation notice or otherwise mislead the least sophisticated consumer to be implausible. The text in question appears directly below Commonwealth's letterhead. (Letter at 1.) There are two addresses present at the top of the Letter – a post office box in North Carolina and the Pennsylvania address to which Commonwealth directs all correspondence be mailed. (*Id.*) It appears that the header was included to make clear which address should be used in correspondence. But whatever its intended purpose, the Court finds that the header "SEND ALL CORRESPONDENCE TO" in Commonwealth's letter neither "cloud[ed]" the validation notice,

7

*DeSantis*, 269 F.3d at 161, nor was false or misleading to the least sophisticated consumer, *Russell*, 74 F.3d at 34.  Accordingly, Commonwealth's letter did not violate FDCPA §§ 1692g and 1692e.

## CONCLUSION

For the reasons set forth above, this action is dismissed.  The Clerk of Court is respectfully directed to enter judgment for Commonwealth and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       September 28, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge

8